UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILLIE E. BOYD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-004-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner Willie E. Boyd's motion to reconsider, alter, or amend the order dismissing his two habeas petitions filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Record No. 14] Boyd's motion to reconsider will be granted in part because his second habeas petition filed on February 12, 2015, [Record No. 5] was erroneously docketed by the Clerk of the Court as an amended petition instead of a new, separate habeas action. However, the motion will also be denied in part because dismissal of the first habeas petition was proper.

**I.**

Boyd is an inmate confined at the Federal Medical Center located in Lexington, Kentucky. Proceeding *pro se*, Boyd filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] In his initial petition, Boyd claimed he did not have the requisite number of prior "violent felony" convictions to warrant an enhanced sentence under the Armed Career Criminal Act ("ACCA"). *Id.* Accordingly, Boyd requested that his

-1-

judgment be vacated and that he be resentenced "without the status of an Armed Career Offender, pursuant to Title 18 U.S.C. § 924(e)." [Record No. 1, p. 15]

Prior to initial screening of the first petition, on February 12, 2015, Boyd filed a second petition pursuant to 28 U.S.C. § 2241. [Record No. 5] In the second petition (docketed by the Clerk as an amended petition), Boyd challenged the legality of his underlying conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and false representation of a Social Security number in violation of 42 U.S.C. § 4089a)(7). *See United States v. Willie E. Boyd*, No. 4:97-cr-301 (E.D. Mo. 1996) [Record No. 1 therein]. In his second petition, Boyd asks the Court to "dismiss all counts of the indictment and order a new trial, or dismiss the indictment with prejudice for the Government's egregious misconduct." [Record No. 5, p. 76]

Upon the initial screening, the Court denied both of Boyd's habeas petitions [Record Nos. 1 and 5] by Memorandum Opinion and Order ("Memo Opinion") dated June 3, 2015. [Record No. 11] The Memo Opinion explains that a § 2241 petition is not the proper mechanism for relief from the imposition of an enhanced sentence. *Id.*

On June 11, 2015, Boyd filed a motion to reconsider, alter, or amend the Memo Opinion dismissing his habeas petitions. [Record No. 14] He specifically challenges the classification of his second petition as an "amended petition" as well as the Court's dismissal of his petitions upon initial screening. *Id.*

## II.

A litigant may not use a Rule 59(e) motion to reargue the merits of his case or restate arguments already presented. See *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a court may grant relief under Rule 59(e) only to: (1) correct a clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent manifest injustice. *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanak*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012).

## III.

A.   **Classification of Boyd's February 12, 2015 Petition**

According to Boyd's recent motion, the Court erred by docketing his February 12, 2015 filing as an amended petition. [Record No. 14] Boyd is correct regarding this argument. Boyd did not caption the second petition as an "amended" or "supplemental" petition, nor did he file an accompanying motion to amend the original petition. [Record No. 5] Instead, his cover letter identifies the second petition as an "Initial Filing of § 2241 petition" [Record No. 5-1], and the first and second petitions seek different forms of relief for different reasons. In his first petition, Boyd claimed that the sentencing court erroneously classified him as an Armed Career Offender under the ACCA. [Record No. 1] In his second petition, Boyd claimed that he is "actually innocent" under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), of the offenses for which he was convicted in the Eastern District of Missouri in 1997. [Record No. 5] The second petition did not reference the first petition nor mention

the imposition of an enhanced sentence under the ACCA. *Id.* Given the differences in the two petitions, it appears that Boyd did not intend for the February 12, 2015 filing to amend or supplement the first petition. Therefore, the second petition should be re-docketed as an initial habeas petition and classified as a completely new case.

In its June 3, 2015 Memo Opinion, the Court also treated the February 12, 2015 petition as an amended petition instead of evaluating it on its own merits. [Record No. 11] Therefore, the parts of the Memo Opinion and the accompanying Judgment that dismiss the second petition will be vacated. [Record Nos. 11 and 12]

B. **Dismissal of Boyd's First Petition**

To the extent that Boyd seeks to alter or amend the Court's dismissal of his first petition, Boyd's motion will be denied. Upon reconsideration, the Court finds that dismissal of Boyd's first petition was and is proper. In that petition, Boyd sought relief from the enhanced sentence he received under the ACCA by relying on *Logan v. United States*, 552 U.S. 23, 128 S.Ct. 475 (2007), and *Persaud v. United States*, 134 S. Ct. 1023 (2014). As explained in greater detail in the June 3, 2015 Mem Opinion, the Supreme Court has not announced that its holding in *Logan* applies retroactively to cases on collateral review. *See Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). Therefore, the Court reaffirms its holding that *Logan* does not support Boyd's argument against his enhanced sentence.

Further, Boyd's reliance on *Persaud* remains premature. Following remand from the Fourth Circuit, *Persaud* is still pending before the United States District Court for the Western District of North Carolina. *See United States of America v. Ian Andre Persaud*, No. 3:01-cr-036-FDW [Record No. 348]. Boyd failed to demonstrate in his first petition that he

is entitled to proceed under § 2241, and Boyd's motion for reconsideration does not present any new arguments that warrant relief under Rule 59(e) of the Federal Rules of Civil Procedure. Therefore, dismissal of Boyd's first petition will be affirmed.

### IV.

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Willie E. Boyd's motion to reconsider the dismissal of his case or to alter or amend the decision [Record No. 14] is **GRANTED, IN PART.**

2. The Memorandum Opinion and Order dated June 3, 2015 [Record No. 11] and the Judgment dated June 3, 2015 [Record No. 12] are **VACATED** and **SET ASIDE**, and this case is **RE-DOCKETED**.

3. The Clerk of the Court shall remove from this action Boyd's habeas petition filed on February 12, 2015, and docketed as an amended petition. [Record No. 5] The Clerk shall then reclassify Boyd's February 12, 2015 filing as an initial habeas petition in a new case, to be identified with a new case number, and to be assigned randomly to a district judge, per standing order.

4. The Clerk of the Court shall remove from this action Boyd's Supplemental Memorandum filed on May 21, 2015 [Record No. 10] in support of his habeas petition filed on February 12, 2015 [Record No. 5]. The Clerk shall then re-docket the Supplemental Memorandum in the new case with Boyd's February 12, 2015 petition.

5. Upon reconsideration, the Court **AFFIRMS** the dismissal of Boyd's first habeas petition [Record Nos. 1 and 3].

      6.      Petitioner Willie E. Boyd's 28 U.S.C. § 2241 petition for a writ of habeas corpus, as supplemented [Record Nos. 1 and 3] is **DENIED**.

      7.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

      8.      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 22nd day of September, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge