UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| WILLIE E. BOYD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:15-288-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

****    ****    ****    ****

This matter is before the court upon Willie E. Boyd's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [DE 1]. Boyd has also moved the court to expedite the proceedings pursuant to 28 U.S.C. § 1657, [DE 7], and for an evidentiary hearing, [DE 8]. For the following reasons, his petition and motions will be denied.

On August 7, 1997, Boyd was charged in a four-count indictment with possessing with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), being a felon in possession of a firearm in violation of 922(g)(1) and 924(e), and false representation of a Social Security number in violation of 42 U.S.C. § 408(a)(7). *See United States v. Boyd*, No. 4:97-cr-301 (E.D. Mo. 1996). A superseding indictment was subsequently returned against Boyd with charges involving reports on domestic coins and currency transactions in violation of 31 U.S.C. §§ 5313,

5324 and criminal forfeiture in violation of 18 U.S.C. § 982(a)(1).
*Id.*  Boyd elected to proceed to a bench trial and was found guilty
of nine of the ten counts on April 16, 1998.  He was sentenced to
a term of imprisonment of 276 months, followed by a six-year term
of supervised release.  The United States Court of Appeals for the
Eighth Circuit affirmed Boyd's conviction and sentence.  *United
States v. Boyd*, 180 F.3d 967 (8th Cir. 1999).

Boyd subsequently filed a motion to vacate pursuant to 28
U.S.C. § 2255, which was denied.  *See United States v. Boyd*, No.
4:00-cv-985 (E.D. Mo. 2000).  The Eighth Circuit denied Boyd's
motion for a certificate of appealability.  On January 1, 2015,
while serving his sentence at the Federal Medical Center in
Lexington, Kentucky, Boyd filed a habeas petition pursuant to 28
U.S.C. § 2241 in this court.  *See* No. 5:15-cv-4-DCR.  That petition
was denied on September 22, 2015.  While Boyd's petition of January
1st was still pending, he filed an additional petition under §
2241 on February 12, 2015.  *See* No. 5:15-cv-4-DCR, DE 5.  That
petition was stricken from Action No. 15-cv-4 and docketed as a
separate case in the above-captioned action.

The court conducts an initial review of habeas petitions
pursuant to 28 U.S.C. § 2243.  *Alexander v. N. Bureau of Prisons*,
419 F. App'x 544, 545 (6th Cir. 2011).  "[I]f it appears from the
[filing] and any attached exhibits that the petitioner is not
entitled to relief," the court will deny the petition.  The court

applies Rule 4 of the Rules Governing § 2254 Cases in the United
States District Courts—these rules are applicable to § 2241
petitions under Rule 1(b).   The court views Boyd's petition under
a more lenient standard, as he is not represented by counsel and
takes his factual allegations as true.    Further, the court
construes all legal claims in his favor. *See Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555–56 (2007).

In his current petition, Boyd challenges counts 1 through 8
and count 10 of his convictions.    Specifically, he raises the
issues of "illegal search and seizure; the court's finding of
constructive possession; the refusal to sever charges; and
prosecutorial misconduct."    He claims that he discovered new
evidence, after his trial, which casts doubt on the credibility of
the government's witnesses and proves that the government obtained
his convictions based on false testimony.   Relying on *McQuiggin v.
Perkins*, 133 S.Ct. 1924 (2013), Boyd argues that he is entitled to
bring his § 2241 petition pursuant to the "savings clause" of §
2255 based on his claim of "actual innocence."   A defendant may
only pursue a claim of actual innocence under § 2241, however,
when that claim is "based upon a new rule of law made retroactive
by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729
(6th Cir. 2003).   Such claims arise only when, after a prisoner's
conviction becomes final, the Supreme Court re-interprets a
criminal statute in a way that establishes that the prisoner's

conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501–02 (6th Cir. 2012). "To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Id.* Boyd's challenge to his convictions is not predicated upon a newly-decided Supreme Court decision interpreting the terms of the statutes of his conviction and, therefore, does not fall within this narrow range of cases.

Further, habeas relief may be sought under § 2241 only where the remedy under § 2255 is "inadequate or ineffective" to obtain the relief that petitioner seeks. If Boyd has obtained evidence sufficient to demonstrate that he is actually innocent of federal crimes of which he was convicted, *McQuiggin* would provide an avenue of seeking relief under § 2255. The proper procedure for a federal prisoner who claims that newly discovered evidence demonstrates his innocence is to seek permission to file a second or successive § 2255 motion in the sentencing court. *See* § 2255(h).

Accordingly, **IT IS ORDERED** as follows:

(1) Boyd's 28 U.S.C. § 2241 petition for a writ of habeas corpus is denied, [DE 1], is **DENIED**;

(2) Boyd's motion to expedite the proceedings, [DE 7] is **DENIED AS MOOT**;

(3) Boyd's motion for an evidentiary hearing, [DE 8] is **DENIED;**

(4) This action is **DISMISSED AND STRICKEN** from the court's active docket; and

(5) Judgment shall be entered contemporaneously with this memorandum opinion.

This the 29th day of February, 2016.

Signed By:

*Joseph M. Hood*

Senior U.S. District Judge